UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| MITCHELL W. KNOLL, on behalf of the Target Corporation 401(k) Plan, himself, and a class consisting of similarly situated participants of the Plan, | ) ) ) ) ) ) | Case No. 0:16-cv-02400-JNE-BRT |
| Plaintiff, | ) ) ) | **STIPULATION FOR AN ORDER CONSOLIDATING CASES AND SETTING SCHEDULE FOR CONSOLIDATED COMPLAINT** |
| v. TARGET CORPORATION, PLAN INVESTMENT COMMITTEE, JOHN J. MULLIGAN, JOHN DOES, and RICHARD ROES, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| DOROTHEA SIMMONS, ANN DORMANI, and DAVID RIGOL, on behalf of the Target Corporation 401(k) Plan, themselves, and a class consisting of similarly situated participants of the Plan, | ) ) ) ) ) ) ) | Case No. 0:16-cv-02421-JNE-BRT |
| Plaintiffs, | ) ) | |
| v. TARGET CORPORATION, PLAN INVESTMENT COMMITTEE, JOHN J. MULLIGAN, JOHN DOES, and RICHARD ROES, | ) ) ) ) ) ) | |
| Defendants. | ) | |

WHEREAS, Plaintiffs in the above-captioned matters (collectively "Plaintiffs"), together with the counsel for Defendants named in the above-captioned matters, and thus excluding the John Doe and Richard Roe defendants (collectively, the "Defendants"),

1

hereby submit this stipulation regarding the coordination and management of the above-captioned actions. Plaintiffs and Defendants are collectively referred to as "the Parties." In support of this Stipulation, the Parties state and agree as follows:

WHEREAS, counsel for the Parties have conferred with respect to preliminary matters, including service of process and the contemplated filing of a consolidated amended complaint; and

WHEREAS, currently pending in this District are two actions alleging breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"): (1) Knoll v. Target Corporation, et al., No. 0:16-cv-02400-JNE-BRT; and (2) Simmons et al. v. Target Corporation, et al., No. 0:16-cv-02421-JNE-BRT. Both actions (collectively, the "ERISA Actions") involve common questions of law and fact, and name certain common defendants, including alleged fiduciaries of the Target Corporation 401(k) Plan (the "Plan"); and

WHEREAS, also currently pending in this District are the following two actions alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934: (1) Police Retirement System of St. Louis v. Target Corporation, et al., No. 0:16-cv-01315-JNE-BRT; and (2) Salvatore Rizzo v. Target Corporation, et al., No. 0:16-cv-01485-JNE-BRT (collectively, the "Securities Actions"); and

WHEREAS, the ERISA Actions and the Securities Actions are related cases, in that they are assigned to the same Judge, have been brought against some of the same defendants, and involved substantially overlapping factual allegations based upon many of the same events; and

WHEREAS, the Parties agree that it would be most efficient, and best serve the interests of justice, if pleading, motion practice, and discovery in the ERISA Actions is coordinated with the schedule for pleading, motion practice, and discovery in the Securities Actions; and

WHEREAS, the parties in the Securities Actions are awaiting the Court's appointment of Lead Plaintiffs and Lead Counsel, which will be followed by entry of a schedule for the Lead Plaintiffs to file a consolidated amended complaint, and for defendants to file a motion to dismiss that pleading; and

WHEREAS, Plaintiffs in the ERISA Actions desire to have an opportunity to file a consolidated complaint;

NOW, THEREFORE, IT IS HEREBY STIPULATED by the parties that as follows:

**Defendants' Time to Answer or Move Against the Complaints Is Extended:**

1. Defendants are not required to respond to the pending complaints pursuant to deadlines set forth under Rule 12 of the Federal Rules of Civil Procedure. The time for Defendants to answer, move or otherwise respond in the ERISA Actions is extended until after Plaintiffs have filed a consolidated amended complaint, or have notified Defendants in writing that they intend to stand on one of their original complaints.

2. Plaintiffs will within 75 days of the later of (1) the Court entering an order consistent with paragraphs 1, 2, 3, 4, 5, 6, and 7 hereof, and (2) the Court entering a stipulated Protective Order to be submitted by the Parties, as discussed below, file their consolidated amended complaint, or notify Defendants in writing that they intend to stand

on one of their original complaints.  The Parties will then promptly meet and confer, and will propose to the Court a schedule for Defendants to answer, move, or otherwise respond, which will include a schedule for briefing on any motion to dismiss.  In proposing such a schedule, the Parties will attempt to coordinate with the schedule for defendants to respond in the Securities Actions.

**Consolidation of the ERISA Actions Is Appropriate:**

3. The complaints in the ERISA Actions involve identical questions of law and fact, and consolidating these actions will avoid unnecessary waste of judicial resources and additional cost and delay to the Parties.

4. The Parties agree that the ERISA Actions should be consolidated and captioned "In re: Target Corporation ERISA Litigation" and the files of these consolidated actions should be maintained in one file under Master File No. 0:16-cv-02400-JNE-BRT (the "Consolidated Action"). The Parties will alert the Court as to any other actions later filed in this district which arise out of or are related to the same facts as alleged in the above-identified cases that the Parties believe should be consolidated into the Consolidated Action, if and when such actions are filed.

5. The Parties agree that all pleadings filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re:* Target Corporation ERISA Litigation<br><br>THIS DOCUMENT RELATES TO: | Master File No. 0:16-cv-02400-JNE-BRT |

6. The Parties agree that when a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

**The Appointment of Interim Co-Lead Class Counsel:**

7. With Defendants taking no position as to appointment thereof, to avoid motion practice and allow counsel to focus on the prosecution of Plaintiffs' claims, counsel for the Plaintiffs have agreed to a co-counsel structure under which they believe the case should be prosecuted pursuant to Fed. R. Civ. P. 23(g)(3). Plaintiffs' counsel request that the Court appoint Stull, Stull & Brody ("SS&B") and Levi & Korsinsky LLP as Interim Co-Lead Class Counsel, and that the Court appoint David E. Krause Law Office, Chtd., as Interim Liaison Class Counsel. Proposed Interim Co-Lead Class Counsel maintain that they will fairly and adequately represent the interests of the

proposed class because: (i) they have ample experience in successfully handling class action litigation in general and ERISA class action litigation in particular; (ii) they have knowledge of the applicable law; and (iii) they will devote substantial resources to the representation of the proposed class.[1]

**Discovery, Pleadings, and Motion Practice**

8. The Parties agree that, in exchange for Plaintiffs not serving discovery requests until Defendants' anticipated motion to dismiss has been decided, within 30 days of the later of (1) the Court entering an order consistent with paragraphs 1, 2, 3, 4, 5, 6, and 7 hereof, and (2) the Court entering a stipulated Protective Order to be submitted by the Parties, Target shall produce to Plaintiffs the following documents, with respect to the Plan, for the time period from February 27, 2013 through May 19, 2014:

a. The governing Plan document(s).

b. The Plan's trust agreement.

c. The summary plan description(s) for the Plan.

d. All summaries of material modifications for the Plan.

e. The annual reports (including but not limited to SEC Forms 11-K and IRS Forms 5500) of or for the Plan.

f. All registration statements and prospectuses under which Target securities offered as investment options under the Plan were registered with the SEC.

g. Minutes of all Plan Investment Committee meetings, including exhibits thereto and meeting preparation material circulated to members of the Plan Investment Committee, and any Board of Directors meetings discussing the Plan.

---

[1] Information about Stull, Stull & Brody can be found at ssbny.com/our-finnierisa-bio/. Information about Lori G. Feldman and Levi & Korsinsky LLP can be found at http://www.z1k.com/attorneys/lori-g-feldman and http://www.z1k.com/what-we-do.

    h. A list of all Plan fiduciaries, including the times they served as such and their positions at Target.

    i. Identification of who served on the Plan Investment Committee, and when.

    j. All standardized written communications provided to all participants of the Plan.

    k. With respect to each of the Plaintiffs:

        i. Documents concerning their Plan enrollment, elections and investment option selections;

        ii. Documents evidencing Plan communications or other materials distributed to them;

        iii. Documents concerning or evidencing the Plan's investments held in theirs individual Plan accounts, including, but not limited to, individual account statements;

        iv. Documents concerning or evidencing the number of shares and value of the Company Stock Fund holdings held in their individual Plan accounts; and

        v. The employment contract or other documentation of the terms of their employment, performance and disciplinary reviews or any severance agreement(s), including but not limited to their entire personnel file with the Company, provided that the Company need obtain documents from headquarters locations only.

    l. The declarations pages for any insurance policies which may cover all or part of a possible judgment in the action or which may indemnify or reimburse for payments made to satisfy the judgment.

9. The Parties' obligations under Rule 26(a) of the Federal Rules of Civil Procedure, and any discovery other than the discovery described in paragraph 8 above, will be deferred and stayed until the Court has decided Defendants' anticipated motions to dismiss in the ERISA Actions and the Securities Actions.

This Stipulation is made in good faith and not for any dilatory purpose, and the Parties will not be prejudiced by the granting of this Stipulation.

7

Date:  August 26, 2016.              /s/ David E. Krause
                                        David E. Krause (#58117)
**David E. Krause Law Office, Chtd.**
2716 Colfax Avenue South
Minneapolis, Minnesota 55408
Telephone: (612) 872-8446
Email: dkrause@davidkrauselaw.com

**STULL, STULL & BRODY**
Michael J. Klein (Admitted Pro Hac Vice)
6 East 45th Street
New York, New York 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022
Email: mklein@ssbny.com

**Attorneys for Plaintiff Knoll, et. al.**

Date:  August 26, 2016.              /s/ David E. Krause
                                        David E. Krause (#58117)
**David E. Krause Law Office, Chtd.**
2716 Colfax Avenue South
Minneapolis, Minnesota 55408 Telephone: (612) 872-8446
Email: dkrause@davidkrauselaw.com

**LEVI KORSINSKY, LLP**
Lori G. Feldman (*Admitted Pro Hac Vice*)
Michael B. Ershowsky (*Admitted Pro Hac Vice*)
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: lfeldman@zlk.com

**Attorneys For Plaintiffs Simmons, Dormani, and Rigol, et. al.**

Date:  August 26, 2016.                /s/ *Wendy J. Wildung*
Wendy J. Wildung (117055)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7759
Email: wendy.wildung@FaegreBD.com

**Attorneys For Defendants**

US.107541431.03